IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID TIMOTHY STANLEY, )
)
        Plaintiff, )
)
v. ) Civil Action No. 1:14CV986
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security Administration, )
)
        Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, David Timothy Stanley, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended (42 U.S.C. §§ 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") under Title II of the Act. The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 11) be granted and Plaintiff's motion (Docket Entry 10) be denied.

### I. PROCEDURAL HISTORY

On February 8, 2011, Plaintiff filed an application for DIB alleging disability beginning January 13, 2007 due to a right shoulder impairment, seizures, and restless leg syndrome. (Tr. 169-70; 185; 189.)[1] Plaintiff's claims were denied initially and upon reconsideration. (Id.) A hearing was held before an Administrative Law Judge ("ALJ") on

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 8.)

May 16, 2013. (Tr. 46-75.) Plaintiff testified at the hearing, as did a vocational expert ("VE"). (*Id.*) On May 24, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (Tr. 34-42.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 8-12.) Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*), superseded in nonrelevant part by 20 C.F.R. § 404.1517(d)(2); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached

2

based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, '[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,'" *id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Hall*, 658 F.2d at 364. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n. 2 (4th Cir. 1999) (citing 20 C.F.R. § 404.1520). The law concerning these five steps is well-established. *See, e.g., Mastro*, 270 F.3d at 177-180; *Hall*, 658 F.2d at 264-65; *Hines v. Barnhart*, 453 F.3d 559, 567 (4th Cir. 2006).

3

## III. THE ALJ's DECISION

In his May 24, 2013 decision, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act through June 30, 2010, the last date insured. (Tr. 42.) In making this disability determination, the ALJ found that Plaintiff has not engaged in "substantial gainful activity" since his alleged onset date through his date last insured. (Tr. 36.) Plaintiff thus met his burden at step one of the SEP. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments through his date last insured: status post multiple right rotator cuff surgeries; chronic obstructive pulmonary disease; and history of seizures. (*Id.*) The ALJ found at step three that these impairments did not meet or medically equal a disability listing. (*Id.* at 38 -39.)

The ALJ next assessed Plaintiff's RFC[2] and determined that Plaintiff could perform light work as defined in 20 CFR § 404.1567(b) with the following limitations: tasks that can be learned in less than 30 days involving no more than simple work-related decisions with few work place changes; occasional (up to two hours) overhead reaching with right upper extremity; and avoiding workplace hazards such as dangerous machinery and unprotected heights. (Tr. 39.)

In light of his RFC findings, the ALJ determined at step four that Plaintiff could not perform his past relevant work ("PRW") which was medium and semi-skilled-to-skilled in nature (citing 20 C.F.R. §§ 404.1565). (Tr. 40.) Relying on the testimony of the vocational

---

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." *Hines*, 453 F.3d at 562 (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." *Hall*, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." *Hines*, 453 F.3d at 562-63.

expert, the ALJ determined that even with Plaintiff's credibly established limitations, he could perform a significant number of light jobs that existed in the national economy. (*Id.* at 41.) Accordingly, the ALJ found that Plaintiff was not under a "disability," as defined in the Act, at any time from January 13, 2007 through June 30, 2010, the date last insured (citing 20 C.F.R. § 404.1520(g)). (Tr. 42.).

## IV. DISCUSSION

At step three, the ALJ found that the opinion of Dr. Jerry Barron, Plaintiff's orthopedic surgeon, regarding Plaintiff's disability was due "little weight" because the opinion consisted of "check marks on a prepared form" and the basis for his "supposed conclusions is not provided and cannot be ascertained from his treatment notes." (Tr. 40.) Plaintiff's sole argument in this appeal is that the ALJ erred by improperly evaluating the opinion and findings of his treating physician in violation of 20 C.F.R. § 404.1527. The Commissioner defends the ALJ's decision, arguing that because Dr. Barron's opinion was unsupported by other objective evidence of record, and because the opinion itself was simply "a check box response on a letter prepared by Plaintiff's counsel," the opinion was not entitled to controlling weight. (Def.'s Mem. at 6-11, Docket Entry 12.)

If a treating source's medical opinion is "well-supported and 'not inconsistent' with the other substantial evidence in the case record, it must be given controlling weight[.]" SSR 96-2p; *see also* 20 C.F.R. § 404.1527(d)(2) (providing treating source's opinion will be given controlling weight if well-supported by medically-acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The Commissioner typically affords greater

5

weight to the opinion of a claimant's treating medical sources because such sources are best able to provide "a detailed longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. § 404.1527(c)(2). However, a treating physician's opinion is not due controlling weight when "it is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Craig*, 76 F.3d at 590. "Courts evaluate and weigh medical opinions pursuant to the following nonexclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005); 20 C.F.R. § 404.1527(d). "An ALJ's decision not to afford controlling weight to a treating physician's opinion must be supported by substantial evidence in the record." *Dyrda v. Colvin*, 47 F. Supp. 3d 318, 324 (M.D.N.C. 2014) (citing *Winford v. Chater*, 917 F. Supp. 398, 401) (E.D.Va. 1996)).

Plaintiff injured his right shoulder in an on-the-job accident in December 2006. (Tr. 261). After conservative treatment failed to provide relief, Plaintiff underwent his first rotator cuff repair surgery in November 2007. (Tr. 595.) Because he continued to experience chronic pain, Plaintiff was referred to Dr. Barron for treatment of his orthopedic condition. (Tr. 412.) In March 2009, Plaintiff underwent revision surgery due to tear and impingement, followed by a second revision surgery in October 2009. (Tr. 415; 667.)

In January 2013, Dr. Barron responded to a request from Plaintiff's attorney, providing responses to questions regarding Plaintiff's condition. (Tr. 708-10.) In response to this questionnaire, Dr. Barron opined that Plaintiff's condition rendered him unable to

6

perform sedentary work and would reasonably have been expected to cause chronic severe pain. (Tr. 708-09.) He also stated that Plaintiff's chronic pain and/or use of pain medication would interfere with his ability to sustain a normal eight hour workday, five days a week, and that prior to June 30, 2010 it was reasonable to assume that the chronic pain and or use of pain medicate could have interfered with Plaintiff's ability to stay on task for at least 25% of a workday. (Tr. 709.) Dr. Barron included a few supporting comments in space provided at the bottom of the checklist form. In these notations, Dr. Barron indicated that Plaintiff's injury was over six years prior to the date of the opinion, that Plaintiff had undergone four surgical procedures, experienced significant chronic pain and depression and was taking oxycodone for pain and other medication for depression. (Tr. 709.)

Courts generally have found checklist opinions to be entitled to relatively little weight. *See McGlothlen v. Astrue*, No. 7:11-CV-148-RJ, 2012 WL 3647411, at *6 (E.D.N.C. Aug. 23, 2012) ("form reports... are arguably entitled to little weight due to the lack of explanation"); *Halloran v. Barnhart*, 362 F.3d 28, 31 n. 2 & 32 (2d Cir. 2004) (standardized form opinions are "only marginally useful" and not particularly "informative"); *Craig*, 76 F.3d at 590 (physician's opinion that is not supported by objective evidence should be accorded significantly less weight); *Frey v. Bowen*, 816 F. 2d 508, 515 (10th Cir. 1987) (checklist forms "unaccompanied by through written reports or persuasive testimony, are not substantial evidence") (citing Third Circuit authority); *Berrios Lopez v. Sec'y of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991) (checklist opinions disfavored); *see also* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an

opinion . . . the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion").

Plaintiff correctly points out that the ALJ did not specifically refer to each of the factors set out in the regulations to determine the weight given to the opinions of treating physicians. However, there is nothing in the regulations requiring a detailed analysis as to each factor; rather, "the regulations mandate only that the ALJ give 'good reasons' in the decision for the weight ultimately allocated to medical source opinions." *Tucker v. Astrue*, 897 F. Supp. 2d 448, 468 (S.D. W. Va. 2012). Social Security Ruling 96-2p simply requires that a decision denying a claim "must contain specific reasons for the weight given to the treating source's medical record, supported by the evidence in the case record, and must be sufficiently specific to make clear . . . the weight [given] to the source's medical opinion and the reasons for that weight." SSR 96-2p; *see also Tucker*, 897 F. Supp. 2d at 468 (discussing approaches taken by different courts in explaining the weight given to treating physician opinions, concluding that "[s]imply stated, the adequacy of the written discussion is measured by its clarity to subsequent reviewers.").

Here, the ALJ engaged in a lengthy and fairly detailed discussion of Plaintiff's medical impairments and treatment history before making his RFC determination and specifically noted that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSR 96-2p, SSR 96-5p, SSR 96-6p and SSR 06-3p. (Tr. 39.) The ALJ then discussed Plaintiff's allegations of pain and functional limitations, noting the opinion of Dr. Barron, recognizing him as Plaintiff's treating orthopedic surgeon, but finding that the opinion was not supported by Plaintiff's treatment record and other objective medical

8

evidence, including a Disability Determination report on reconsideration (dated December 24, 2011) finding that Plaintiff was capable of light exertional work. (*See* Disability Determination Explanation at Tr. 87-97.) The ALJ noted that this report was completed by a physician and "sets forth at some length the supporting evidence underlying those conclusions." (Tr. 40.) Additionally, the ALJ noted that out of an abundance of caution he asked the vocational expert to consider functional limitations consistent with the more restrictive functional capacity evaluation, finding that as testified to by the VE, "jobs would be available even at that exertional level." (Tr. 40.) The ALJ's stated rationale for giving little weight to Dr. Barron's opinion, in conjunction with the entirety of his review and analysis of the record, provided specific and legitimate reasons to reject a treating source medical opinion.

Substantial evidence supports the ALJ's decision not to credit Dr. Barron's opinion with controlling weight. The ALJ noted the checklist form used by Dr. Barron, but further found that Dr. Barron's opinion was not supported by his own treatment notes and was inconsistent with other evidence of record. Indeed, as noted by the ALJ, Dr. Barron's post-surgical notes in November 2009 indicate that Plaintiff had no specific complaints (Tr. 428) and follow-up treatment notes in February 2010 noted that Plaintiff had "good range of motion overall passively" and active range of motion to 95 degrees. (Tr. 430.) A March 2010 MRI showed only "mild" cuff tendinopathy and prior shoulder repairs to be intact. (Tr. 431.) While Dr. Barron also noted Plaintiff's continued pain, the records show that Plaintiff's condition improved following his surgeries.

9

Moreover, other objective evidence in the record supported the ALJ's decision to not afford Dr. Barron's opinion great weight. For instance, records show that Plaintiff showed marked improvement following his 2007 surgery and "almost complete" range of motion. (Tr. 280.) By May 2008, Plaintiff had "full range of motion" with no muscle weakness or drop arm sign. (Tr. 278.) An August 2008 independent medical evaluation showed active range of motion to 130 degrees and a five pound lifting restriction. (Tr. 270-71.) By October 2008, Plaintiff had forward elevation to 145, adduction to 100, full internal rotation, good grip strength, and no weakness with forward elevation. (Tr. 276.) Plaintiff was released to work with a restriction to avoid repetitive overhead lifting and a five pound overhead lifting restriction. (Tr. 276.) On May 10, 2011, state agency consultant Dr. Dakota Cox opined that Plaintiff could perform light work with no more than occasional reaching with his right arm. (Tr. 81-83.) Dr. Cox based this opinion on objective medical evidence which was cited in the determination. Likewise, in a disability determination dated December 22, 2011, another state agency physician found, based on a review of Plaintiff's complete medical record, that Plaintiff could perform light work with overhead reaching. (Tr. 93-94.) *See* 20 C.F.R. § 404.1527(e)(2)(i) (ALJ may rely upon and must consider as opinion evidence professional assessments from state agency physicians). Notes from Plaintiff's treatment at a rehab center in 2011 showed improvement, and Plaintiff reported that he was exercising every day and following a physical therapy program. (Tr. 477.)

Consequently, considering the record as a whole, the Court finds the ALJ's treatment of Dr. Barron's opinion complied with the applicable regulations and rulings and was supported by substantial evidence.

## V. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's motion for summary judgment (Docket Entry 10) be **DENIED** and that Defendant's motion for judgment on the pleadings (Docket Entry 11) be **GRANTED**.

 

                                                                                               _____
                                                                                                 Joe. L. Webster
                                                                    United States Magistrate Judge

Durham, North Carolina
January 7th, 2016

Case 1:14-cv-00986-LCB-JLW   Document 14   Filed 01/07/16   Page 11 of 11